UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CURT E. LIEBMAN | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Case No. 18-33025-jal |
| | ) | |

**MOTION TO DISMISS**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Paul A. Randolph, the Acting United States Trustee for Region 8 (the "<u>United States Trustee</u>"), through undersigned counsel, hereby moves the Court for an order dismissing this chapter 7 case pursuant to 11 U.S.C. § 707(b)(1)-(2) or 11 U.S.C. § 707(b)(3). In support of this Motion, the United States Trustee states and alleges as follows:

**<u>Jurisdiction</u>**

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b); 28 U.S.C. § 157(a) and (b)(1); and 28 U.S.C. § 151.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

3. The statutory predicates for the relief sought herein are 11 U.S.C. § 707(b) and Fed. R. Bankr. P. 1017(e).

4. The United States Trustee has standing to bring this Motion pursuant to 11 U.S.C. §§ 307 and 707(b).

5. Curt E. Liebman filed his voluntary petition under chapter 7 of the Bankruptcy Code on October 1, 2018.

6. Pursuant to 11 U.S.C. § 341(a), the meeting of creditors was first set for October 30, 2018.

7. Mr. Liebman's petition and schedules indicate that his financial obligations are primarily consumer debts, including $810,671.92 of unsecured non-priority claims.

8. Mr. Liebman's Official Form 122A-2 indicates that a presumption of abuse arises in this case. The Official Form 122A-2 filed in this case also indicates that Mr. Liebman does not have any "special circumstances" that may rebut the presumption of abuse.

9. The United States Trustee has reviewed Mr. Liebman's Official Forms 122A-1 and 122A-2 and other documents produced by Mr. Liebman, and agrees that a presumption of abuse arises in this case.

10. In accordance with 11 U.S.C. § 704(b)(1)(A), the United States Trustee filed a statement of presumed abuse on November 9, 2018.

Accordingly, this Motion is timely filed as required under 11 U.S.C. § 704(b)(2).

11. Based on review of the documents filed in this case or otherwise supplied by Mr. Liebman, the United States Trustee has determined that further inquiry is warranted in this case to verify certain information provided in Mr. Liebman's schedules, statements, and sworn testimony made at the adjourned meeting of creditors. Counsel for Mr. Liebman has assured the United States Trustee that amendments to Mr. Liebman's schedules and statements are imminent, but have not yet been filed as of the filing of this Motion.

12. An examination of Mr. Liebman pursuant to Fed. R. Bankr. P. 2004 has been scheduled for December 18, 2018, and the United States Trustee reserves the right to amend this Motion as needed following information solicited via oral examination of Mr. Liebman.

## Argument

13. There appear to be no valid special circumstances that Mr. Liebman can present to overcome the presumption of abuse as set forth in 11 U.S.C. § 707(b)(2)(B). In fact, Mr. Liebman has not attempted to

provide evidentiary support of any alleged special circumstances as required by 11 U.S.C. § 707(b)(2)(B(ii)-(iii).

14. Mr. Liebman does not appear to be entitled to relief under chapter 7 in that his disposable income would be sufficient to repay a significant portion of his unsecured non-priority debt, and he is not needy. *In re Krohn*, 886 F.2d 123 (6th Cir. 1989). The case should be dismissed pursuant to 11 U.S.C. § 707(b)(1)-(2).

15. Alternatively, the Court should dismiss this case pursuant to 11 U.S.C. § 707(b)(1) and (3)(B), and/or 11 U.S.C. § 707(a)(3).

16. Under the totality of the circumstances of Mr. Liebman's financial circumstances, this case should be dismissed. Upon information and belief, despite Mr. Liebman's brief period of unemployment he is currently gainfully employed and earning income comparable to his pre-petition employment. Pending the aforementioned Rule 2004 examination and forthcoming amendments, the United States Trustee anticipates that Mr. Liebman has disposable income that will yield an opportunity for unsecured non-priority claimants to recover substantial payments on their claims.

4

17. Finally, in the event that Mr. Liebman amends Schedules I or J, or Official Forms 122A-1 and 122A-2, during or subsequent to any hearing in this matter, the case should be dismissed pursuant to 11 U.S.C. § 707(a) by reason of his failure to file, at or about the beginning of this case, accurate schedules of current income as required by 11 U.S.C. § 521(a)(1)(B).

WHEREFORE, the United States Trustee respectfully requests that the Court dismiss this chapter 7 case, and for such other relief as the Court deems proper.

A proposed order is tendered herewith.

Respectfully submitted,

PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE, REGION 8

/s/ Tyler R. Yeager
TYLER R. YEAGER
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
601 W. Broadway, Suite 512
Louisville, Kentucky 40202
(502) 582-6000
tyler.yeager@usdoj.gov
*Trial Attorney*

## CERTIFICATE OF SERVICE

In accordance with Local Rule 9036-1, I certify that on December 10, 2018, I sent a copy of the foregoing *Motion to Dismiss* to all parties who requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) First Class U.S. Mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service. I further certify that a copy of the foregoing Motion and Proposed Order were served upon the debtors via First Class U.S. Mail, postage pre-paid, at the following address:

Curt E. Liebman
11502 Braiden Pl
Louisville, KY 40291

/s/ Tyler R. Yeager
TYLER R. YEAGER